1  DOUGLAS Q. HAHN, SBN 257559
   dhahn@sycr.com
2  AHMAD TAKOUCHE, SBN 322911
   atakouche@sycr.com
3  STRADLING YOCCA CARLSON & RAUTH
   A PROFESSIONAL CORPORATION
4  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
5  Telephone:  (949) 725-4000
   Facsimile:  (949) 725-4100
6
7  Attorneys for Plaintiff
   Five Points Trading Corp.

8

            **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  Five Points Trading Corp., | CASE NO.   2:20-cv-09864 |
| 12         Plaintiff, | |
| 13         vs. | **COMPLAINT FOR TRADE SECRET** |
| 14  Supremas, Inc., Papa Cantella's Inc. | **MISAPPROPRIATION,** **TRADEMARK INFRINGEMENT,** **FALSE DESIGNATION OF** |
|     and Does 1-10, | **ORIGIN/UNFAIR COMPETITION** |
| 15 | **AND COMMON LAW** |
| 16         Defendants. | **TRADEMARK INFRINGEMENT.** |

17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
L A W Y E R S
NEWPORT BEACH

4823-9569-0434v3/106250-0002

1    Plaintiff Five Points Trading Corp. ("Five Points" or "Plaintiff"), by and

2  through its attorneys, for its Complaint against Supremas Inc. ("Supremas") and

3  Papa Cantella's, Inc. ("Papa Cantella's," and together with Supremas and Does 1-

4  10, "Defendants") hereby alleges as follows:

5                              **NATURE OF THE ACTION**

6         1.    This is an action to recover damages suffered by Five Points Trading

7  resulting in the loss of Five Points' proprietary and trade secret information at the

8  hands of Supremas and Papa Cantella's, through Trade Secret Misappropriation,

9  Trademark Infringement, False Designation Of Origin/Unfair Competition and

10  Common Law Trademark Infringement.

11                                **THE PARTIES**

12        2.    Plaintiff Five Points is a foreign stock corporation incorporated under

13  the laws of the State of Nevada with its principal place of business located at 5850

14  Canoga Ave., 4th Floor, Woodland Hills, CA 91367.

15        3.    Defendant Supremas is a corporation duly organized and existing

16  under the laws of California with its principal place of business located at 8457 S.

17  Eastern Ave., Dock 14, Bell Gardens CA 90201.

18        4.    Defendant Papa Cantella's is a corporation duly organized and

19  existing under the laws of California with its principal place of business located at

20  3341 E. 50th Street, Vernon, CA 90058.

21        5.    Defendants Does 1-10 are person or entities whose identities or

22  relationship to this action are presently unknown.  Plaintiff will seek leave of Court

23  to amend this Complaint by substituting the true names and relationships of any

24  Doe defendants when they become known.  Each of the fictitiously-named

25  respondents acted individually or in concert with the named Defendants and are

26  responsible for the occurrences alleged in this Complaint.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

4823-9569-0434v3/106250-0002

**JURISDICTION AND VENUE**

6.      This action is based on the Defend Trade Secrets Act (18 U.S. Code § 1832), the Lanham Act (15 U.S.C. 1125), the laws of the state of California and the common law.

7.      This Court has subject matter jurisdiction over plaintiff's claims brought under the Defend Trade Secrets Act (18 U.S. Code § 1836(c)), pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Supremas and Papa Cantella's as California residents and, further, due to their substantial contacts with the state of California.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims pled have occurred in this judicial district and Defendants can both be found in this judicial district.

**FACTS MATERIAL TO THE CLAIMS ALLEGED HEREIN**

10.     Five Points is an international trading company dedicated to the manufacture, preparation and export of Central American ethnic foods.

11.     Five Points specializes in the development, industrial processes and export of traditional Salvadoran food such as tamales, riguas (corn bread), and pupusas (tortillas made from corn or rice flour), as well as stuffing for pupusas such as cheese, beans, vegetables, or pork rinds.

12.     Five Points is also the registered owner of U.S. Trademark Registration No. 5,567,395, for the mark CHICHARRON PARA PUPUSAS, covering goods in Class 29 - Meat and meat extracts; Meat, fish, poultry and game preserves. See attached Exhibit A – U.S. Certificate of Registration No. 5,567,395.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT
4823-9569-0434v3/106250-0002

13. Five Points has been using the CHICHARRON PARA PUPUSAS mark (the "Five Points Mark") in interstate commerce since at least as early as January 2009.

14. In 2011, Five Points entered into an agreement with Calli Trading LLC ('Calli Trading") for the production, manufacture, and distribution of meat stuffing for pupusas (the "Five Points Product").

15. Based on Calli Trading's connections in the meat processing industry, Calli Trading engaged Defendant Papa Cantella's to produce and manufacture the Five Points Product, and Defendant Supremas to distribute the Five Points Product to supermarkets and retail outlets.

16. As part of the agreement with Calli Trading, Five Points provided Papa Cantella's with a limited use of its secret recipe, flowchart, and product process information necessary to produce and manufacture the Five Points Product. It was at all times understood by Calli Trading and Papa Cantella that Five Points proprietary recipe was the sole property of Five Points and was to be held strictly confidential.

17. As part of the agreement with Calli Trading, Five Points allowed Papa Cantella's and Supremas to use the Five Points Mark in connection with the marketing and sale of the Five Points Product in interstate commerce. It was at all times understood that proper quality would be maintained and all trademark rights and goodwill would reside with and vest solely in Five Points.

18. On or about June, 2012, Five Points terminated its agreement with Calli Trading.

19. On or about June 15, 2012, Five Points sent a cease and desist letter to Calli Trading and its associates demanding that they stop manufacturing, producing, and distributing the Five Points Product as well as from using the Five Points Mark. See Exhibit B – copy of 2012 Cease and Desist letter.

20. After terminating the agreement and sending its June 15, 2012 letter, Five Points believed that Calli Trading, Papa Cantella's and Supremas ceased making the Five Points Product, using the Five Points secret recipe and stopped using the Five Points Mark.

21. Upon information and belief, Papa Cantella's and Supremas have recently resumed manufacture and distribution of the Five Points Product using Five Points' secret recipe and product process and using the Five Points Mark (the "Defendants' goods") with full knowledge that the contract between Plaintiff and Calli Trading had been terminated. See Exhibit C – photos of trademark infringement by Supremas.

22. As a result of Defendants' actions, Five Points has been damaged through the wrongful distribution and consequent destruction of the secrecy of its recipe, as well as by Defendants' continuous usage of the Five Points Mark.

23. On or about June 18, 2020, Five Points sent a cease and desist letter to both Defendants. No response has been received from either party.

## COUNT 1

### (Trade Secret Misappropriation)

24. Plaintiff Five Points hereby incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 23 above.

25. Defendants Papa Cantella's and Does 1-10's acts as described in this Complaint constitute trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S. Code § 1832 (a)(3).

26. At all times relevant thereto, Plaintiff was in possession of certain confidential and proprietary information and trade secrets described herein.

27. Five Point's secret recipe, flowchart, or product process is a trade secret in that it consists of information, including a formula, pattern, compilation, program, device, method, technique, or process, that derives independent economic value, actual or potential, from not being generally known to the public or to other

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
COMPLAINT

4823-9569-0434v3/106250-0002

1   persons who can obtain economic value from its disclosure or use, and is the

2   subject of efforts that are reasonable under the circumstances to maintain its

3   secrecy.

4        28.    Plaintiff is informed and believes and on that basis alleges that

5   Defendants misappropriated Plaintiff's secret recipe, confidential information and

6   trade secrets for use in interstate commerce.

7        29.    Plaintiff is informed and believes and on that basis alleges that Papa

8   Cantella's and Does 1-10 disclosed Five Point's trade secrets without Five Point's

9   express or implied consent despite knowing at the time of disclosure that the trade

10  secrets were acquired and derived under circumstances giving rise to a duty to

11  maintain their secrecy.

12       30.    Plaintiff is informed and believes and on that basis alleges that the

13  aforementioned acts and conduct of Defendants were willful, oppressive, and

14  malicious in that Defendants misappropriated Plaintiff's confidential business

15  information trade secrets and recipe with the intent to injure Plaintiff's business

16  and improve their own.

17                          **COUNT 2**

18                   **Trademark Infringement**

19                    **15 U.S.C.A. §1114**

20       31.    Plaintiff hereby incorporates by reference and re-alleges each and

21  every allegation of Paragraphs 1 through 30 above.

22       32.    By virtue of Defendants conduct, Defendants have used and are using

23  the term "CHICHARRON PARA PUPUSAS" in connection with the advertising,

24  marketing, and offering of Defendants goods in interstate commerce.

25       33.    The Five Points Product is offered and advertised to the same or

26  similar classes of purchasers as Defendants' product.  As a result of Defendants'

27  conduct, there is a strong likelihood of confusion, mistake, or deception, and many

28  persons familiar with Five Points' CHICHARRON PARA PUPUSAS mark, its

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
COMPLAINT
4823-9569-0434v3/106250-0002

reputation and favorable good will, are likely to purchase Defendants' goods in the mistaken belief that such goods are offered or authorized by Five Points.

34.     Defendants' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods are affiliated with, sponsored or controlled by Plaintiff.

35.     As a consequence, Defendants have traded and are trading upon, and have gained and are gaining public acceptance and other benefits from, Five Points' favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Defendants' illegal actions and conduct.

36.     The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants and/or their goods are in some manner affiliated with, originate from, or are sponsored by Five Points in violation of Lanham Act § 32, 15 U.S.C. §1114.

37.     Five Points is informed and believes, and on that ground alleges, that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Five Points has been deprived of gains and profits which otherwise would have inured to Five Points but for such unlawful actions.

38.     Five Points has no adequate remedy at law for the injuries alleged in this Count.  The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

39.     Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to Five Points caused by Defendants' wrongful conduct, said conduct has resulted in irreparable, direct and proximate

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

COMPLAINT

4823-9569-0434v3/106250-0002

1  damages to Five Points and Five Points is entitled to injunctive relief under 15

2  U.S.C. Section 1116(a).

3  ### COUNT 3

4  ### False Designation of Origin/Unfair Competition

5  ### 15 U.S.C.A. §1125(a)(1)(A)

6  40.    Plaintiff hereby incorporates by reference and re-alleges each and

7  every allegation of Paragraphs 1 through 39 above.

8  41.    This claim arises under Section 43(a) of the Lanham Act.

9  Defendants' unauthorized use and threatened continued use in interstate commerce

10  of "CHICHARRON PARA PUPUSAS" constitutes use of a false designation of

11  origin and unfair competition that has caused and is likely to cause confusion,

12  mistake or deception (a) as to the characteristics, qualities or origin of Defendants'

13  goods, (b) as to an affiliation, connection or association between Five Points and

14  Defendants, and (c) as to the sponsorship or approval of Defendants' goods by

15  Five Points.

16  42.    Such actions, as used in commercial advertising, have misrepresented

17  and do misrepresent the nature, characteristics or qualities of Defendants' goods,

18  services and/or commercial activities.

19  43.    Upon information and belief, Defendants have intentionally and

20  falsely designated the origin of their goods by adopting and using a term that is

21  substantially the same as the CHICHARRON PARA PUPUSAS trademark for

22  their goods so as to profit from Five Points' reputation by confusing the public as

23  to the source, origin, sponsorship or approval of Defendants' goods, with the

24  intention of deceiving and misleading the public at large, and of wrongfully trading

25  on the goodwill and reputation of Five Points.

26  44.    The activities of Defendants complained of herein have caused and,

27  unless enjoined, will continue to cause substantial and irreparable harm to Five

28  Points, its business reputation and its goodwill, for which Five Points is without

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
COMPLAINT

4823-9569-0434v3/106250-0002

1   adequate remedy at law.  Such activities have also caused Five Points monetary

2   loss and damage including, but not limited to, the loss of profits in an amount not

3   yet determined.

4       45.    Further, the injury is of a continuing nature and will continue to be

5   suffered so long as Defendants continue their wrongful conduct.  Notwithstanding

6   the inadequacy of, and the difficulty of presently fully ascertaining, the value of the

7   damage to Five Points caused by Defendants' wrongful conduct, Five Points is

8   informed and believes, and on that ground alleges, that said conduct has resulted in

9   irreparable, direct and proximate damages to Plaintiff.

10                          **<u>COUNT 4</u>**

11              **<u>Common Law Trademark Infringement</u>**

12      46.    Plaintiff hereby incorporates by reference and re-alleges each and

13   every allegation of Paragraphs 1 through 45 above.

14      47.    This is a claim for trademark infringement, arising under California

15   common law.

16      48.    Defendants' acts complained of herein constitute trademark

17   infringement under California common law.  Defendants' acts complained of

18   herein are willful and deliberate and committed with knowledge that Defendants'

19   unauthorized use of the Five Points Mark causes a likelihood of confusion.

20      49.    Plaintiff is informed and believes, and thereon alleges, that

21   Defendants have derived and received and will continue to derive and receive,

22   gains, profits and advantages from Defendants' trademark infringement in an

23   amount that is not presently known to Plaintiff.  By reason of Defendants'

24   wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is

25   entitled to monetary relief in an amount to be determined at trial.

26      50.    Due to Defendants' trademark infringement, Plaintiff has suffered and

27   continues to suffer great and irreparable injury for which Plaintiff has no adequate

28   remedy at law.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

COMPLAINT

4823-9569-0434v3/106250-0002

51.     Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice.  Accordingly, Plaintiff is entitled to exemplary damages.

## JURY DEMAND

Plaintiff Five Points Trading Corporation hereby requests a trial by jury on all matters to which it is entitled to trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Five Points Trading Corporation prays for the following:

A.     A judgment and order that Papa Cantella's and Does 1-10 have misappropriated Plaintiff's trade secrets.

B.     An Order declaring that Defendants' use of the CHICHARRON PARA PUPUSAS mark infringes the Five Points Mark under federal law;

C.     Temporary, preliminary, and permanent injunctions enjoining Defendants and their employees, officers, directors, principals, subsidiaries, parents, affiliates, related companies, brokers, agents, and all persons in active concert or participation with any of them:

1.     From using or registering the Five Points Mark and any designs, logos, or marks that are confusingly similar to the Five Points Mark, in connection with goods covered by the registration;

2.     using to market, advertise, promote, sell, offer for sale, and/or identify Defendants' goods with the Five Points Mark or any mark that is confusingly similar to the Five Points Mark or is likely to create the erroneous impression that Defendants' goods or services originate from Five

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
COMPLAINT
4823-9569-0434v3/106250-0002

1   Points, are endorsed by Five Points, or are connected in any way with Five

2   Points;

3          3.     manufacturing, distributing, shipping, importing, reproducing,

4   displaying, advertising, marketing, promoting, transferring, selling, and/or

5   offering to sell any food products bearing the Five Points Mark and/or any

6   confusingly similar marks;

7          4.     falsely designating the origin of Defendants' goods;

8          5.     unfairly competing with Five Points in any manner; or

9          6.     causing a likelihood of confusion or injuries to Five Points'

10   business reputation;

11        D.     An Order requiring Defendant to account for and pay to Five Points

12   any and all profits arising from the foregoing acts of infringement, false

13   designation of origin, unfair competition, and misappropriation, and increasing

14   such profits for payment to Five Points in accordance with 15 U.S.C.A. §1117 and

15   other applicable laws;

16        E.     An Order requiring Defendants to pay Five Points damages in an

17   amount as yet undetermined caused by the foregoing acts of trade secret

18   misappropriation under 18 U.S. Code § 1832 (b), trademark infringement, false

19   designation of origin, unfair competition, and misappropriation, in accordance with

20   15 U.S.C.A. §1117 and other applicable laws.

21        F.     That, because of the exceptional nature of this case resulting from

22   Defendants' deliberate infringing actions, this Court award to Five Points all

23   reasonable attorneys' fees, costs and disbursements incurred as a result of this

24   action, pursuant to 15 U.S.C. § 1117;

25        G.     An award of pre-judgment and post-judgment interest and costs of this

26   action against Defendants; and

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
COMPLAINT

4823-9569-0434v3/106250-0002

1         H.     Such other and further relief as this Court may deem just and proper.

2

3   DATED:  October 27, 2020           STRADLING YOCCA CARLSON &
                                         RAUTH A PROFESSIONAL
4                                        CORPORATION

5

6                             By:    */s/ Douglas Q. Hahn*
7                                   Douglas Q. Hahn
                                  Ahmad Takouche
8

9                                   Attorneys for Plaintiff
                                  Five Points Trading Corp.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-
COMPLAINT